GIEBLER MFG. CO. v. KRANENBERG et al.

(Supreme Court, Appellate Division, Second Department. March 24, 1905.)

1. CORPORATIONS—PRESIDENT—AUTHORITY—SALE OF ASSETS.

The president of a corporation, by virtue of his office, and without authority by vote of the board of directors, was not authorized to sell a machine which was a part of the manufacturing plant of the corporation.

2. SAME—APPLICATION OF PROCEEDS—RATIFICATION.

Where the president of a corporation sold a machine, which was part of the corporation's manufacturing plant, without authority, and against the express protest of a majority of the directors, the fact that he thereafter applied the purchase price to the payment of corporate debts, without the knowledge and consent of the directors, did not effect a corporate ratification of the sale.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by the Giebler Manufacturing Company against Christian Kranenberg and another. From a Municipal Court judgment in favor of defendants, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Horace A. Davis, for appellant.

Herman S. Bachrach, for respondent Kranenberg.

Alfred R. Bunnell, for respondent Edward Giebler.

PER CURIAM. In this action the plaintiff corporation seeks to recover damages for the conversion of a milling machine which it is alleged that the defendant Edward Giebler assumed to sell to the defendant Christian Kranenberg without any authority so to do, and which the latter assumed to purchase with knowledge of such lack of authority.

The defendant Giebler was not authorized to sell the machine, which was a part of the manufacturing plant of the corporation, by virtue of his position as president. He was not empowered to do so by any vote of the board of directors. The only theory upon which the sale can be sustained is that a majority of the directors assented to it, and so informed the defendant Kranenberg before he paid the purchase price to the defendant Giebler. This must have been the theory upon which the decision in the court below was rendered in favor of the defendants. It is not supported by the weight of evidence. On the contrary, the proof, as a whole, strongly preponderates in favor of the view that the alleged sale was transacted by the president of the corporation in defiance of the wishes and against the express protest of the majority of the directors, and that the purchaser was aware of the fact.

The defendant Giebler claims to have applied the purchase price to the payment of the debts of the corporation, and it is argued that this use of the money establishes a ratification of the sale by the plaintiff; but it could not have that effect unless it appeared that the money was so applied with the knowledge and consent of the directors. The president could not effect a corporate ratification of his own unauthorized action by further action of his own known only to himself.

The judgment should be reversed as against the weight of evidence, upon the payment of costs by the plaintiff, and a new trial ordered.

HOOKER, J., not voting.